UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON, ET AL.,

                            Plaintiff(s),

- *against* -

WAL-MART STORES, INC., ET AL.,

                            Defendant(s).

10 Civ. 0499 (VM) (PED)

**REPORT AND RECOMMENDATION**

TO: THE HONORABLE VICTOR MARRERO,
      UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

On November 10, 2010, I issued an Order directing Plaintiffs Elizabeth Rivera ("Rivera") and Nanette Barnes ("Barnes) to contact their attorney and comply with all outstanding discovery matters in this action, which alleges violations by Defendant of 42 U.S.C. § 2000e et seq. and N.Y. Exec. Law § 296.[1] It is undisputed that, since that time, Rivera and Barnes have either been non-responsive or else non-compliant with this Order. Defendant now requests an Order dismissing the claims of Rivera and Barnes against Defendant. For the reasons set forth below, I respectfully recommend that this request be granted and that the claims by Plaintiffs Rivera and Barnes be **DISMISSED WITH PREJUDICE**.[2]

## II. DISCUSSION

This matter was referred by the Court to the undersigned on January 22, 2010, for

---

[1] A copy of this Order is attached.

[2] I note that a Stipulation of Discontinuance as to the claims brought by Plaintiff Melissa Jackson has already been filed, (Docket No. 41), and that the parties have represented to the undersigned that stipulations for the claims brought by Plaintiffs Samantha Lacey and Nicole Anthony are forthcoming. Accordingly, dismissal of the claims brought by Plaintiffs' Rivera and Barnes will effectively resolve the case in its entirety.

General Pretrial purposes. On November 4, 2010, a telephone conference on outstanding discovery disputes was held. At this conference, Defendant advised the Court that Rivera and Barnes had failed to appear for their duly noticed depositions. Plaintiffs' counsel did not dispute this and further acknowledged that he had been unable to contact Rivera and Barnes for a significant period of time. On November 10, 2010, I issued an Order directing Rivera and Barnes to contact their attorney and to comply with all outstanding discovery obligations within thirty days. (Docket No. 35). I further admonished Rivera and Barnes that their failure to comply with the Order would result in my recommendation to the assigned District Judge that their claims be dismissed with prejudice. (Id.) On December 10, 2010, Defense counsel advised the undersigned by letter that Rivera and Barnes had still not responded to the outstanding discovery requests. (December 10, 2010 Letter from Michael S. Hanan, Esq.). On December 16, 2010, a telephone conference was held wherein Plaintiffs' counsel neither disputed Defendant's representations as to the failure of Rivera and Barnes to comply with the Order, nor objected to the relief sought in Defendant's letter.

     Fed. R. Civ. P. 37(b)(2)(A)(v) allows the Court to dismiss an "action or proceeding in whole or in part" for failure to comply with a discovery order. While the sanction of dismissal with prejudice under Rule 37 is "drastic," it is not inappropriate "after consideration of alternative, less drastic sanctions." John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988). When a plaintiff cannot be located or refuses to comply with a discovery order, "no lesser sanction" than such a dismissal can be effective. Perez v. City of New York, No. 02-cv-3670, WL 1992437, at *2 (S.D.N.Y. Apr. 10, 2003); see Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009). Accordingly, the claims of Plaintiffs Rivera and Barnes should be dismissed with prejudice for their failure to comply with this

discovery order.

### III. CONCLUSION

For the reasons set forth above, I conclude – and respectfully recommend that Your Honor should conclude – that Plaintiffs Rivera and Barnes's complaint be **DISMISSED WITH PREJUDICE.**

### NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Victor Marrero at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to the chambers of the undersigned at the United States Courthouse, 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Marrero.

Dated: December 16, 2010
White Plains, New York

Respectfully Submitted,

Paul E. Davison
United States Magistrate Judge
Southern District of New York

3